UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN MARIE CHAMBERS | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3-02-cv-2024 (JCH) |
| | : | |
| KUMA DEBOO | : | SEPTEMBER 29, 2004 |

**RULING AND ORDER**

The petitioner, Ann Marie Chambers, has filed this petition for writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241. In May 1995, a jury in the United States District Court for the Eastern District of Virginia found the petitioner guilty of conspiracy to knowingly and unlawfully manufacture cocaine base in violation of 21 U.S.C. § 841(a)(1), knowingly and unlawfully distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, unlawfully and intentionally use a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and knowingly and unlawfully importing into the United States a controlled substance in violation of 21 U.S.C. § 952. The court sentenced her to 420 months of imprisonment, followed by five years of supervised release. On September 10, 1996, the Court of Appeals for the Fourth Circuit affirmed her conviction. In September 1997, in the United States District Court for the Eastern District of Virginia, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 raising grounds of ineffective assistance of counsel and insufficiency of the evidence. On September 3, 1998, the Eastern District of Virginia denied the motion on the merits. The petitioner appealed the denial. On March 9, 1999, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the

appeal in a per curiam decision. See United States v. Chambers, 173 F.3d 852 (4th Cir. 1999), 1999 WL 132737, No. 98-7444.

On September 19, 2001, the petitioner filed a section 2241 petition in this court challenging her conviction. On March 28, 2002, after the petitioner agreed to permit the court to construe her petition as a motion filed pursuant to 28 U.S.C. § 2255, the court transferred the petition to the United States District Court for the Eastern District of Virginia. On May 1, 2002, the Eastern District of Virginia concluded the petition was a second or successive section 2255 motion and dismissed it for petitioner's failure to seek authorization from the Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244 (b)(3), to file the petition. The petitioner did not appeal the dismissal of the petition. The petitioner alleges that she filed an action in the Fourth Circuit pursuant to 28 U.S.C. § 2244, raising the same claim as is raised in the present petition. The petitioner does not indicate the disposition of that action.

The petitioner raises one ground in the present petition[1]: her conviction violates her rights under the Fifth and Sixth Amendments "because she was sentenced to 420 months under 21 U.S.C. 841 (b) (1) (A) without the constitutional protections of the grand jury indictment, jury trial and proof beyond a reasonable doubt." She cites the United States Supreme Court's holding in Ring v. Arizona, 536 U.S. 584 (2002), in support of her claim. It is apparent from this ground that the petitioner is challenging

[1] The amended petition includes two claims. The first claim, however, is not a claim for relief relating to her conviction and sentence, but rather an argument as to why this action is properly brought as a section 2241 petition.

the legality of her conviction and sentence.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). In 1948, however, Congress enacted 28 U.S.C. § 2255. This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Id.

Currently, "[a] motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). A section 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." Id. at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241. See Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2002).

Because the present petition challenges the legality of the petitioner's conviction and sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the court in which the petitioner was sentenced.  In Jiminian, 245 F.3d at 148, the Second Circuit held that a district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner "has had a prior § 2255 motion dismissed on the merits."

The court concludes that the present petition contains claims that are properly raised in a section 2255 motion and that the United States District Court for the Eastern District of Virginia has already denied on the merits, a section 2255 motion filed by the petitioner.  Thus, the court construes the present petition as a second or successive section 2255 motion and determines that jurisdiction is not proper in this district.

**CONCLUSION**

Because the petitioner was convicted in the United States District Court for the Eastern District of Virginia, transferring this case to the Second Circuit pursuant to Jiminian, 245 F.3d at 148-49, would serve no purpose.  In the interests of justice, the case is hereby TRANSFERRED to the United States District Court for the Eastern District of Virginia, for whatever action that court deems appropriate.  See 28 U.S.C. § 1631 (permitting a district court that has concluded it lacks jurisdiction over a case, in

the interest of justice, to transfer the case to a district in which it could have been brought).

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 29th day of September, 2004.


                                             /s/ Janet C. Hall
                                             Janet C. Hall
                                             United States District Judge